FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2012 APR 30 PM 1:52

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

| | |
|---|---|
| ASHLEY C. SCOTT, | ) |
| Plaintiff | ) Case No.: |
| | ) 3:12-CV-494-J-25MCR |
| v. | ) |
| UNITED STATES OF AMERICA, (Treasury Department, Internal Revenue Service); and MICHAEL A. JENKINS, an individual, | ) |
| Defendants | ) |

## COMPLANT AND DEMAND FOR JURY TRIAL

THE PLAINTIFF, Ashley C. Scott (hereinafter referred to as "Scott" or "Taxpayer"), sues the United States of America, Treasury Department, Internal Revenue Service, and Michael A. Jenkins, an individual (hereinafter referred to as "Jenkins"), and alleges:

### Jurisdiction and Venue

1. This is an action arising under the Internal Revenue Laws of the United States for the recovery of taxes assessed and collected from the Taxpayer and for statutory right of contribution from Jenkins. This Court has jurisdiction under the provision of Title 28, U.S.C. § 1346(a)(1) and Title 26, U.S.C. § 7422.

2. Venue is properly in this district under 28 U.S.C. § 1391 as both the Taxpayer and Jenkins reside within this district, the payment was made within this district, and the claim for refund was mailed from this district.

## Parties

3. Scott is a citizen of the United States residing in the City of Ponte Vedra Beach, St. Johns County, Florida.

4. The United States of America is sued, based upon the actions of the Internal Revenue Service, an agency with the Department of Treasury.

5. Jenkins is a citizen of the United States, residing in Jacksonville, Duval County, Florida.

## COUNT I
## (Refund of Taxes)

6. On October 22, 2010, the Internal Revenue Service (referred to as "IRS" or "the Service") assessed Scott for Trust Fund Recovery Penalty Assessments ("TFRP") under authority of 26 U.S.C. § 6672.

7. The tax periods involved and the amounts assessed were as follows:

| Form №. | Tax Period Ending | Date Return Filed | Date Tax Assessed | TFRP (Penalty) |
|---|---|---|---|---|
| 941 | 03/31/2004 | 04/30/2004 | 06/28/2004 | $53,707.93 |
| 941 | 06/30/2004 | 07/31/2004 | 10/04/2004 | $21,234.64 |
| 941 | 09/30/2004 | 11/23/2004 | 01/03/2005 | $56,597.58 |
| 941 | 12/31/2004 | 02/11/2005 | 03/21/2005 | $58,622.55 |
| 941 | 03/31/2005 | 04/30/2005 | 07/04/2005 | $66,042.90 |
| 941 | 09/30/2005 | 10/31/2005 | 01/02/2006 | $71,458.98 |
| 941 | 12/31/2005 | 01/31/2006 | 04/03/2006 | $65,265.38 |
| 941 | 09/30/2006 | 10/31/2006 | 02/12/2007 | $28,704.13 |
| 941 | 12/31/2006 | 01/31/2007 | 04/23/2007 | $63,582.63 |
| 941 | 03/31/2007 | 04/30/2007 | 06/25/2007 | $50,692.10 |
| 941 | 06/30/2007 | 07/31/2007 | 09/10/2007 | $58,817.34 |
| 941 | 09/30/2007 | 10/31/2007 | 12/10/2007 | $66,383.73 |

| Form №. | Tax Period Ending | Date Return Filed | Date Tax Assessed | TFRP Penalty |
|---|---|---|---|---|
| 941 | 12/31/2007 | 01/31/2008 | 03/24/2008 | $52,600.50 |
|  |  |  |  |  |
|  | **TOTALS** |  |  | **$713,710.39** |

8. On December 13, 2010, Scott paid $300.00 to IRS estimated to be the withholding taxes due for one (1) employee for one (1) quarter relating to and arising from the TFRP liabilities as set forth in Paragraph 7 above. In addition, the Internal Revenue Service has kept Federal income tax return refunds for 2009 and 2010 in the amounts of $3,725.00 and $2,381.00, respectively, and applied towards these divisible taxes.

9. On or around December 13, 2010, Scott filed a Claim for Refund on a Form 843 for her $300.00 payment made with respect to the TFRP assessment designated for the 4th Quarter, 2007. Scott also filed Claims for Refund or Abatement for all of the other relevant quarters as set forth in Paragraph 7 above.

10. These Claims for Refund were sent to the Service via Certified Mail, Return Receipt Requested. A true and accurate copy of the Claims for Refund, consisting of the cover letter dated December 9, 2010, client check №. 3177 in the amount of $300.00 to be applied to the 4th Quarter 2007, and thirteen (13) Forms 843, Claims for Refund and Request for Abatement for each relevant quarter plus one (1) attachment Form 843 Narrative with Exhibits along with the certified mail documentation is attached hereto as **Composite Exhibit "A."**

11. As of this date, the Service has not issued a Statutory Notice of Claim Disallowance nor otherwise responded to the Claims for Refund set forth on the Form 843, and more than six (6) months have elapsed since the filing of the Claims for Refund.

12. In her Claims for Refund, Scott alleged that she was not a responsible person for collecting and paying over withholding taxes, and that she never willfully failed to collect, remit, or pay over to the IRS the TFRP for the various quarters set forth in Paragraph 7 above.

13. The assessment of the collection of the TFRP liabilities against Scott were arbitrary, capricious, discriminatory, erroneous, and unlawful.

14. Scott is the sole owner of her claim against the Defendant and the IRS, and she has made no assignment of said claim.

## COUNT II
### (Right of Contribution)

15. Throughout the relevant time period, 2004 through 2007, Jenkins was the General Manager, Treasurer, and ultimate *de facto* authority in full control and charge of business operations and business finances for Scott Air Technology, Inc. (FEIN: xx-xxxx9062), the Florida corporation which failed to pay its Federal payroll taxes.

16. Jenkins was the responsible person who willfully failed to collect, truthfully account for, and pay over the payroll taxes as set forth under 26 U.S.C. § 6672(a).

17. In the event Scott were held liable for all or some of the tax periods involved, Scott is entitled to contribution by Jenkins as set forth under 26 U.S.C. § 6672(d).

**WHEREFORE,** Plaintiff prays for:

(a) Judgment against the Defendant, United States of America, Internal Revenue Service, in the total amount of $6,406.00, together with statutory interest;

(b) A determination that Scott is not liable for any of the TFRP liabilities for any of the tax periods and in the amounts set forth above;

(c) In the event Scott is determined to be liable for TFRP liabilities for any quarters involved, determine that Defendant Jenkins is liable to make contribution;

(d) Award taxable costs and attorney fees as may be recoverable under the Internal Revenue Code or such other applicable authority; and

(e) Award such other relief and damages as may be just and equitable.

## DEMAND FOR JURY TRIAL

**THIS PLAINTIFF,** Ashley C. Scott, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, by her undersigned counsel, hereby demands a jury trial on all issues triable by jury.

JOHNSON and JOHNSON, P.A.

By: _____
**KEITH H. JOHNSON,** Esquire
**Trial Counsel**
8810 Goodby's Executive Drive, Suite A
Jacksonville, Florida   32217
Tel.: (904) 737-5930
Fax: (904) 737-5966
Florida Bar No.: 342939
E-Mail: keith-j@comcast.net
Co-Counsel for Plaintiff

By: _____
**ADAM L. HEIDEN,** Esquire
Florida Bar No.: 0050817