**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ASHLEY C SCOTT,

      Plaintiff,

v.                             Case No. 3:12-cv-494-BJD-MCR

UNITED STATES OF AMERICA,
TREASURY DEPARTMENT,
INTERNAL REVENUE SERVICE
and TYRENE SCOTT,

      Defendants.

_____/

**O R D E R**

**THIS CAUSE** is before the Court on the Report and Recommendation

(Doc. 301; Report) entered by the Honorable Monte C. Richardson, United

States Magistrate Judge; Plaintiff's Objection (Doc. 302); and the

Government's Response (Doc. 303). In the Report, the Magistrate Judge

considered Plaintiff's Second Motion for Reasonable Administrative and

Litigation Fees and Costs and the related briefing. (See Docs. 278, 290). The

Magistrate Judge recommended that Plaintiff's motion be denied. The matter

is now ripe for review.

      The Court "may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge." 28 U.S.C. §

636(b). If no specific objections to findings of fact are filed, the district court is

not required to conduct <u>de</u> <u>novo</u> review of those findings. <u>See</u> <u>Garvey v.</u> <u>Vaughn</u>, 993 F.2d 776, 779 n.9 (11th Cir. 1993); 28 U.S.C. § 636(b)(1).

If, on the other hand, a party files an objection, the district judge must conduct a <u>de</u> <u>novo</u> review of the portions of a magistrate judge's report and recommendation to which the party objects. <u>Kohser v. Protective Life Corp.</u>, 649 F. App'x 774, 777 (11th Cir. 2016); 28 U.S.C. § 636(b)(1); <u>see also</u> Fed. R. Civ. P. 72(b)(3) (explaining that on dispositive matters, "the district judge must determine <u>de</u> <u>novo</u> any part of the magistrate judge's disposition that has been properly objected to"). The Court reviews <u>de</u> <u>novo</u> the Magistrate Judge's proposed legal conclusions to which Plaintiff objected. 28 U.S.C. § 636(b)(1). The Court adopts the summary of facts provided in the Background section of the Report. <u>See</u> Report at 2–4.

Under 26 U.S.C. § 7430, a party may recover attorneys' fees and administrative expenses. <u>Cooper v. United States</u>, 60 F.3d 1529, 1530 (11th Cir. 1995). To recover, a claimant must satisfy three requirements. <u>Id.</u> "First, a claimant must have exhausted all administrative remedies available within the IRS before commencing a civil proceeding." <u>Id.</u> (citing 26 U.S.C. § 7430(b)(1)). "Second, the claimant must prove that [s]he is a 'prevailing party.'" <u>Cooper</u>, 60 F.3d at 1530–31 (citing 26 U.S.C. §§ 7430(a), (c)(4)(A)). Third, "a claimant must show that the requested award constitutes

reasonable litigation or administrative costs." <u>Cooper</u>, 60 F.3d at 1531 (citing 26 U.S.C. §§ 7430(a)(1)–(2), (c)(1)–(2)).

Plaintiff disputes the second requirement, whether she is considered the prevailing party. (<u>See</u> Doc. 302 at 1). "To qualify as a prevailing party, a taxpayer has the burden to establish, among other requirements, the key requirement that the IRS's position in the proceeding was not substantially justified." <u>Cooper</u>, 60 F.3d at 1531.

Plaintiff does not address the Report's analysis finding the Government was substantially justified. (<u>See generally</u> Doc. 302). Generally, when a party fails to raise an issue in an objection, it is deemed abandoned. <u>See</u>  <u>Resol. Tr. Corp. v. Dunmar Corp.</u>, 43 F.3d 587, 591 (explaining that an argument raised in a trial court but not repeated on appeal is "deemed abandoned").

Plaintiff devotes her objection to explaining she is entitled to attorneys fees because she made a "qualified offer." (<u>See generally</u> Doc. 302). A claimant may still be a prevailing party if "she makes a qualified offer and 'the liability of the taxpayer pursuant to the judgment in the proceeding is equal to or less than the liability of the taxpayer which would have been so determined if the United States had accepted the qualified offer.'" <u>Fitzpatrick v. Comm'r of Internal Revenue</u>, T.C. Memo 2017-88, 2017 WL 2294328, at *2 (T.C. 2017) (cleaned up) (quoting 26 U.S.C. § 7430(c)(4)(E)(i)). "This rule

applies regardless of whether the Commissioner's position in the proceeding is substantially justified." Id.

Upon reviewing both Plaintiff's objection and the Report, the Court finds Plaintiff's argument "defies logic." Report at 11. Plaintiff made a qualified offer to the Government, totaling $3,250.00. The ultimate judgment found Plaintiff liable for $165,641.74. The ultimate judgment is greater in numerical value than Plaintiff's qualified offer. Based on a plain reading of the statute and the evidence provided in support of Plaintiff's motion, the Court cannot conclude Plaintiff is entitled to attorneys' fees. See 26 U.S.C. § 7430(c)(4)(E)(i) (explaining the judgment must be equal to or less than the qualified offer).

Accordingly, after due consideration, it is

**ORDERED:**

1. Plaintiff's Objection (Doc. 302) is **OVERRULED**.

2. The Report and Recommendation (Doc. 301) is **ADOPTED as supplemented** as the opinion of the Court.

3. Plaintiff's Second Motion for Reasonable Administrative and Litigation Fees and Costs (Doc. 278) is **DENIED**.

**DONE** and **ORDERED** in Jacksonville, Florida this $\underline{8^{th}}$ day of June 2023.

_____
BRIAN J. DAVIS
United States District Judge

8
Copies furnished to:

Counsel of Record